And we'll hear argument next in United States v. Cantabiano, 16-1275. Good morning. My name is Molly Corbett. I represent the appellant John Cantabiano. I believe the Court would like me to address outright whether or not the Notice of Appeal complies with Rule 3C under the Federal Rules of Appellate Procedure. Well, we have jurisdiction to review the challenge in connection with the convictions as opposed to the sentence only. Yes, exactly. And it's Mr. Cantabiano's position that the Notice of Appeal that was filed, which indicated that the judgment was being appealed from, as well as the sentence was going to be addressed, complies with Rule 3C and that jurisdiction, this Court has jurisdiction to address the challenges to the conviction. The Court's own form only indicates two choices when you file a Notice of Appeal. And those choices, as far as Rule 3C is concerned, indicate the choice between a judgment or an order. In this case, the primary indication on the Notice of Appeal that was filed by Mr. Cantabiano was for the judgment to be appealed from. And there's case law from the 5th, 7th, 9th, 10th, and D.C. Circuit, which all indicate that when a judgment is indicated as being appealed from, that necessarily includes all orders and the conviction. If this Court would like... Why is it that on this form, there's this appeal concerns, it says conviction only, sentence only, sentencing and conviction? At the time that the form was filed, our office was using that form, and I believe that that was an inadvertent indication of the fact that the sentence was also going to be appealed from. But it has the option of sentencing and conviction. It does have the option sentencing and conviction. It also has the option no at the end of that form. Yes, I'm not sure about that. So I have no idea. I can't even figure out where that came from. Ms. Corbin, whose form is this? You said this is a form that your office was using, but it looks like from the little notation in the lower right-hand corner that this is some kind of government form that comes from the administrative office or the district court. So from what I have been able to ascertain, it came from the AO at some point, and it was used by our office when we reautomated the form. Is there an argument available to you, or is it an argument you're making? You said already that the notice of appeal, which you presumably say is the operative part, says an appeal from the judgment, and as a matter of law, that usually brings up everything that merges into the judgment. Is it your position that the little buttons for conviction only, sentence only, sentence and conviction are only to serve an administrative purpose? Because sometimes, I mean, I know that this Court has considered, though we've never done it, saying, well, sentence only appeals should go on a non-argument calendar. And, you know, in terms of allocating work among panels, it might be relevant whether an appeal is a sentence only matter, which might be usually simpler than something that involves trials and so on. I do believe that that's where it arose from, and I think it was also part of alerting opposing counsel to the type of issues that may be raised within the appellant brief, and that brings me to my second point addressing this matter, is that even if the Court were to find that that indication of that this appeal concerns sentence were to indicate that this appeal was only about the sentence, there is the argument that with the liberal construction that is applied to Rule 3C by this Court and other courts throughout the country, that that appeal notification would be the functional equivalent of what purpose it was serving. And it indicated that the judgment was going to be appealed from, and then what followed was an appeal of the judgment, which included the conviction and the sentence. So what you're saying is this is different than if at the top of the form it said, notice is given that Mr. Caldeviano appeals from the, and then it checked other and said sentence. Exactly, which is what the form is on the Second Circuit website now and would have confined it to only in order. The other repercussion here is that if you're going to hold the concerns only sentencing the defendant appellant to that, it would have meant that he would have indicated that before seeing any sort of transcripts or any sort of fulfillment of his obligations to finalize the record under Rule 10, which would never happen. We'd be telling lawyers, in effect, that if this form is in use, they should always check sentence and conviction, and that would deprive whatever value there is to the clerk's office in trying to anticipate what the issues are going to be would be defeated. Exactly. If the court were to consider this as a jurisdictional issue, I would ask that the court allow me to further brief this based on the law that I've found. Moving on, I would like to address the sentencing issue first. I would argue the sentencing issue was the most troubling in looking at the record. Apparently, what happened at sentencing was Judge D'Agostino, there was an argument between whether the actual losses should be used, which was the argument that counsel for Mr. Calatibiano was making, or whether the future intended losses should be used. And the court came down and decided that the intended losses were going to be used. And during that discussion, there was a discussion and some frustration by the court as to what amount of loss was going to be used and how that was going to be calculated. Within the submissions presented by the government, there had been prorated calculations for the future intended loss based on 60 years old and 67 years old, and then there were also some submissions that indicated a loss as far as the Social Security, or as far as the Workers' Comp Board was concerned, I believe, that indicated an 80-year-old amount or a period of time was going to be factored in. You settled on 60? So the court settled on 60, but in doing so, she indicated during sentencing that it could be 60, could be 62, could be 67, and then the amounts that she used were calculated on 67. So in essence, Mr. Calatibiano's sentence rests on calculations that were prorated future intended losses calculated to the age of 67. If they were calculated to the age of 60, the resulting guideline range would have been reduced by 2, and his guideline range would have been 37 to 46 as opposed to the 46 to 57, and he received the highest end of the guideline range based on a number of other factors that the court took into consideration. But the baseline for the court's sentence was this determination that the future intended loss was prorated out until 60 as opposed to 67, which was what the prosecution and the PSR had calculated the future intended losses on. In addition to that. And where would we look in the record to confirm that the judge relied on an age 67 mistakenly as opposed to age 60? If you look in the numbers that are used by the prosecution in arguing during sentencing, and I believe there is a discussion in my appendix at 415 through 417, where defense counsel is trying to get clarification on what numbers are being used to calculate the future intended loss, and the prosecution keeps going back to their sentencing memorandum where at page 8, they have a footnote that then refers to the exhibit that was presented by the Social Security Administration for calculation of future intended losses of that, for those benefits, which were based on 60 years old. And then there's the future intended losses for the Workmen's Comp Board, which were calculated from the testimony of the Workers' Comp representative during trial. So those are the two areas. There was never a chart or a presentation of information that prorated it at 60, 67, and 80, which was discussed during the testimony. So defense counsel and the court were left to basically guess what the amount was going to be once 60 was decided, the 60-year-old future intended losses to the age of 60 was decided. In addition to that, the baseline amounts that were calculated for . . . Did the judge actually say 60 is the right number? No. She didn't say during the sentencing proceeding itself. It wasn't until the Statement of Reasons came out that there was an indication that 60 was the age that was used. If the age used was 65, would the guideline calculation be the same or different? If the age of 65 was used, it would be reduced because the amount of future intended losses . . . Well, the loss would be reduced, but where would the recalculated loss fall within the guideline table? Within the guideline table, if you account for the mistakes that were made in calculating the social security . . . The losses that were credited against the future intended loss, which was the amount of the checks that Mr. Calatibiano had actually received, and that in .2 of the sentencing argument, the calculation of those checks was actually in error because there were . . . That's a separate issue. So, that would impact that 65 to 67 range and would result in a lower guideline range, I believe. If the . . . Well, I mean, this gets to the other issue. The pre-sentence report charges him for what he got and then also charges him for a future loss, and you're saying the future loss calculation actually in error? That includes the previous actual loss? And so, that's double counted? No, not the previous actual loss. Under the guidelines and under how the prosecution and the PSR were proceeding . . . Mr. Calatibiano was receiving a credit for amounts that he had been entitled to. And then, because of that credit, the future intended loss was reduced. And why do we think that there is an error in what he was entitled to? Because it seems to me that it would be perfectly reasonable for the judge to find . . . I don't know whether the judge did find . . . that the fraud started way earlier than you're assuming. The judge could have found that, but that wasn't part of her determination. She wasn't determining that the fraud had started earlier. She was proceeding from where the PSR and the government had proceeded in that he was entitled to a certain amount. He was legally blind in one eye and had suffered a permanent injury in his left eye. And you say he was entitled to $6,800 more, roughly? I believe the amount ends up being closer to . . . Well, it depends on if you're talking about the Social Security Administration or the . . . I'm sorry, or the Workers' Comp Board. If it's . . . the total amount is close that he differenced between the loss amount. The government factored their loss amount at $559,276. And if you were to count for the Social Security Administration mistake in calculating what the losses they suffered were, it would reduce it by $600,857, roughly. And then if you took into . . . $6,800. And then if you took into account what the Workers' Comp side of the argument, where the Workers' Comp representative accredited Mr. Caltabiano for the amount of loss that he was entitled to under the Workers' Comp law. But she forgot to also account for the fact that that amount would have been extended under law. I see my time has run. I thought that the intended loss with a 60-year life expectancy would have been $559,000, approximately. And that that is still over the $550,000 threshold to be in the same category that he was found to be in. That was the loss that was calculated by the government, but excluding the mistakes that Mr. Caltabiano has raised. I see. So you have to be right on both of those two facts. That is, the 60-year life expectancy and the mistakes in calculating the credits in order to get him below . . . to have this make a difference, not to the abstract dollar value, but to the guideline level. That's correct. Thank you. May it please the Court. In response to the question raised before argument, the government believes that the Court does have jurisdiction to consider both the conviction and sentence. But we get to it . . . Where does this form come from? So, your adversary says it comes from the AO. We actually do not know, Your Honor. This is not a form that we use in our office on the rare occasion when we appeal. But, we get to that answer through a different means. And I would argue that the Court should not start kind of liberally constrain the notice of appeal here to allow the just the saying, I'm appealing the judgment to account for both, because the purpose of this rule is to give notice to the other party. And this form gives every appearance of saying, I'm just challenging the sentence, which is part of the judgment. You responded to everything, so . . . Yes. In this case. Yes. I mean, I overlooked that. But . . . What is the theory on which you think we have jurisdiction if it's not that the operative part of this form is line one in effect, rather than these buttons at line five or whatever? So, it starts first from the recognition that this Court has said on several occasions that errors like this are jurisdictional. So, we agree with that, or at least recognize the Court is bound. And most recently in the Caraballo case, which was from 2016, this Court said in a summary order, the notice of appeal makes clear that the defendant's appeal concerns only his sentence, not his conviction. And as a result, the Court lacks jurisdiction to examine the conviction. And that's based on this case New Phone Company, Incorporated, from 2007, which also made the same point that . . . We have been, over the course of the last few years, limiting jurisdiction . . . That's right. . . . so far as it's reflected in a narrow notice of appeal. But I want to also hear your . . . the theory pursuant to which we would have jurisdiction, because I'm receptive. So, under . . . in Smith v. Berry, the Supreme Court case, they allowed a defendant's brief to serve as the functional equivalent of a notice of appeal. So, the argument would be here that this brief served as a functional equivalent of an amended notice of appeal, or a new notice of appeal. The Smith . . . in Smith, the Supreme Court said, the Federal rules do not preclude an appellate court from treating a filing styled as a brief as a notice of appeal. The problem then becomes that that brief, that notice of appeal, would not be timely. But timeliness is . . . We're not talking about the fact of a notice of appeal. Obviously, we've got jurisdiction over some . . . something. The question is, what do we have jurisdiction to review? Well, so the brief argues . . . their brief argues both. So, it satisfies the notice requirement of giving us notice that they're attacking both aspects of the judgment. The problem with treating a notice of appeal as . . . sorry, a brief as a notice of appeal, is that it's untimely. But this Court has made clear in the Frias case that timeliness is not a jurisdictional issue. It's a . . . it's a . . . these rules are . . . In a criminal case, it's not. If the government doesn't object to the jurisdiction, then the untimely notice of appeal will give us jurisdiction. That's right. And so, here we are affirmatively waiving this objection. And so . . . And you certainly never affirmatively raised an objection. Yes. I mean, the Court can consider timeliness at any time. So, I don't want to say that somehow we waived it by not responding, because the Court can always sua sponte, raise timeliness. What do we say about the form? So, for example, if the notice of appeal here had not marked off judgment, but had marked off other, and then marked sentence only, but then, as happened here, the brief argued both as to convictions, the county convictions, and the sentence, then what? Well, again, I think . . . Because what I understand you're saying is that the form of the notice of appeal, at least in a criminal case, has very little to do with our jurisdiction. Not . . . I may have misunderstood. I mean, it's more that we're getting this into the land of these claim processing rules. And we would always have the ability to object, as the government, if all of a sudden, if I noticed this problem and this came up, we would object to the idea of the brief being a notice of appeal. Again, I think because the fundamental purpose of Rule 3 is to provide notice, I don't think the court should create a precedent where we're going to construe things kind of opposite to what the face of the document says. Is there a precedent in our court? I mean, you mentioned Smith, but in our court on this issue? I am not aware of one where this is the Smith case has been taken in this court to . . . The Smith idea of a brief can be a notice of appeal. I'm not aware of a case in this court that says that. But Smith does allow that. And again, that puts you into the area of timing rules where it's not a jurisdictional issue. Well, I appreciate the government's candor. Turning then to the claims and the appeal, I will perhaps just focus on the sentencing issue. As Judge Lynch pointed out, the government's analysis in its sentencing memo, we first agreed with the PSR, which calculated the life expectancy at 80. But then we wanted to show that the loss amount would still be over this 14-point threshold using lower amounts. We did 70 and we also did 60. And our analysis was that 60 would result in an amount over this threshold by about $9,000. On appeal now, they're saying for the first time that there was an error there because of the New York compensation rules. There's an extension that gets applied if the time of total temporary disability extends past, in this case, 20 weeks. You add the time above 20 weeks to the kind of a period in which he's entitled to benefits. And their argument basically assumes the key question at issue, which is that the evidence is overwhelming that this fraud had happened long before that 20-week period was reached. Didn't he get a traffic ticket driving within a few days of the incident in which he claims he was basically blinded? Yes, and there are other things like that. And I would say that this court has made clear, the guidelines made clear that intended loss is preferred over actual loss. And here, he intended to get benefits for the rest of his life. It's obviously going to be difficult for a court to figure out exactly how long that is, which is what I think the court was getting at was that I can't obviously mathematically define this, but I'm going to say under the calculation the government gave me of 60 or 62 or 65, it's going to still be over that threshold. The court then went on to say, because there's this issue of his criminal history being underreported, we had urged an upward departure in criminal history. The court then looked and said, based on all the sentencing factors here, even if the loss amount were to go under this threshold, I would still give the same sentence. So I think because this is a plain error issue, these issues were never hashed out, or the claims that are made on appeal are never hashed out, I think we are in the land of plain error, and I just don't see how you get to plain error when the court is just absolutely clear that she would have given the same sentence because of these other factors. His criminal history is very disturbing, and the court recognized that. So I think, again, I think there's no traction there. On the error point, there is the question of prejudice, and then there's a kind of a catch-all provision, the fact that the reputation of judicial proceedings and so forth, and it would be that prong of plain error that you would say that we should not recognize a plain error. I think both prongs, I think the third and the fourth, because I think the court has made clear that this, I think under Molina, the case that says the guidelines errors, you can't require the defendant to show more than the guideline error to establish the third prong. I think here the court went further and made it clear that the outcome, this debate over $6,000 would not have affected the outcome of her sentence. Plus, I think it doesn't affect the reputation of judicial proceedings because we're dealing with such an inherently kind of ambiguous idea of when your life expectancy is, and 60 is a very generous cutoff. His health problems, he said he has serious health problems. They aren't that serious. The court was giving him, at 60, was giving him a very generous break already, and the court recognized that. So I think... Can you remind me how old he was at sentencing? Oh, Your Honor. He was 49. I'm assuming my time's up if there's... Mr. Dostogin, I'll also ask Ms. Orbit to do the same thing. If you would, on the jurisdictional issue, submit letter briefs. I don't think that I need to put a page limit on that issue. Within a week, you said? That's correct. Is that enough time? Mm-hmm. That would be terrific. And I would say, just to point out that we came to this position in consultation with the SG's office. Well, that was my final question to you, is that this has been... This has gone all the way up. Yes. And the appellate chief's working group, we were talking about this. And given the thrust of the court's case law and the Supreme Court's case law... You seem to be going the other way. Well, I think you're bound by the older decisions that haven't yet been overturned. And Judge Ginsburg, most recently, this month, or last month, criticized, once again, this overuse of the term jurisdictional. And that's in Eberhardt, too, but it just hasn't reached down to all these different issues. And so I think the court is bound by decisions like New Phone and Caraballo. And so this is a way around that at the moment. Perhaps the court will eventually move in that direction and just say that none of this is jurisdictional, but it's not there yet. So the courts are bound. I, again, thank the Governor. Ms. Kander, we'll hear from Ms. Corbett. And is that okay with you, the letter briefs, within a week? Ms. Corbett? If it's okay with the court, could it be two weeks? I have two appeals due next week. Of course, so both sides, two weeks. So I just wanted to quickly address the plain error issue. Obviously, counsel for Mr. Caltabiano was arguing that the actual loss amount was more reasonable to use. In light of the confusion that occurred and the amounts that were being tossed about, both in papers and during sentencing, it would seem that his argument may have been more rational. Although the court didn't buy into that, I would request that that objection, along with the fact that he made objections within the sentencing arguments themselves about the total calculation of the loss amount, were enough to preserve the argument about the issue of how that total future intended loss amount was being calculated and that this shouldn't fall under plain error. Thank you. Thank you very much. We'll reserve the decision and we'll expect your letter briefs by May 18th.